IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN

| | |
|---|---|
| OSCAR NEFTALI FABIAN ARIAS, | Civil Action No. 3:25-cv-525 |
| *Petitioner*, | |
| | Stephanie L. Haines |
| v. | United States District Judge |
| | |
| | Richard A. Lanzillo |
| | Chief United States Magistrate Judge |
| TODD M. LYONS, *et al*, | |
| | REPORT AND RECOMMENDATION |
| | ON PETITION FOR WRIT OF |
| | HABEAS CORPUS |
| | |
| | RE: ECF No. 1 |
| *Respondents* | |

## REPORT AND RECOMMENDATION

### I.  RECOMMENDATION

It is respectfully recommended that the Petition for Writ of Habeas Corpus (ECF No. 1) filed by Petitioner Oscar Neftali Fabian Arias ("Petitioner") be granted to the extent that it requests that Petitioner receive an individualized bond hearing before a neutral immigration judge pursuant to 8 U.S.C. § 1226 and denied to the extent that it seeks other relief.

### II.  REPORT

#### A.  RELEVANT BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of El Salvador.  ECF No. 10-1 (Form I-213). Although Petitioner has been present in the United States for some time, his date

1

and location of entry are unknown. *Id.* On November 25, 2025, ICE officers in Hyattsville, Maryland detained Petitioner following a vehicle stop as part of a targeted enforcement action. *Id.*, at 4. On November 25, 2025, a Notice to Appear was issued charging that Petitioner was subject to removal under Sections 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA"). ECF No. 10-2, at 2 (Notice to Appear).

On March 17, 2026, an Immigration Judge entered an order denying Petitioner's application for cancellation of removal and ordering his removal to El Salvador. *See* ECF No. 10-3 (Order). Petitioner filed a timely appeal of that decision which remains pending with the Board of Immigration Appeals. *See* ECF No. 16 and 16-1. Consequently, his proceeding is not administratively final and Petitioner remains in the custody of the Department of Homeland Security at the Moshannon Valley ICE Processing Center in Philipsburg, Pennsylvania. ECF No. 1, at 4.

Petitioner, through counsel, filed the instant Petition for Writ of Habeas Corpus on December 15, 2025. ECF No. 1. Respondents filed a Response to the Petition on April 1, 2026, *see* ECF No. 10, and Petitioner filed a Reply on April 16, 2026. ECF No. 12.

B. DISCUSSION

This Court has jurisdiction to hear the merits of the instant case under 28 U.S.C. § 2241(c)(3), which allows a court to grant a writ of habeas corpus to a prisoner held "in violation of the Constitution or laws or treaties of the United States[.]" *See*

*Bystron v. Hoover*, 456 F. Supp. 3d 635, 640 (M.D. Pa. 2020) (citing *Demore v. Kim*, 538 U.S. 510 (2003) and *Zadvydas v. Davis*, 533 U.S. 678 (2001)).

Petitioner asserts that he is entitled to a bond hearing because he is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a) and not mandatory detention under § 1225(b)(2). Decisions of this Court uniformly support Petitioner's position. *See, e.g., Calzado Diaz v. Noem*, No. 3:25- cv-458, 2025 WL 3628480, at *3-7 (W.D. Pa. Dec. 15, 2025) (Haines, J.), *vacated as moot*, Dkt. No. 22 (Dec. 17, 2025) (explaining that "the general legal conclusions in the Court's opinion ... remain unchanged."); *Nunez Ramos v. Noem*, No. 3:25-CV-00387, 2025 WL 3687335, at *4 (W.D. Pa. Dec. 19, 2025) (Brown, M.J.); *Vasquez Mejia v. Noem*, No. 3:25-CV-00333, 2025 WL 3546427, at *4 (W.D. Pa. Dec. 11, 2025) (Brown, M.J.); *Ico Coc v. Warden Leonard Oddo*, No. 3:25-CV-00381, 2025 WL 3753965 (W.D. Pa. Dec. 29, 2025) (Taylor, M.J.); *Silva Cova v. Rose*, No. 3:26-cv-101 (W.D. Pa.), Feb. 11, 2026, Memo. Order (Stickman, J.; ECF No. 9); *Cifuentes Alvarez v. Noem*, 3:26-cv-73 (ECF No. 10) (W.D. Pa., Feb. 26, 2026) (Ranjan, J.); *see also Aguirre-Guevara v. Oddo*, No. 3:26-cv-70 (W.D. Pa.), Feb. 11, 2026, Memo. Order (Stickman, J.; ECF No. 8)

The foregoing cases hold that Section 1226 applies to aliens who are "already present in the United States[,]" *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), while the mandatory detention provision of § 1225 governs detention of "applicants for admission" to the United States. *Bethancourt Soto v. Soto*, No. 25-CV-16200, 2025 WL 2976572, at *2 (D.N.J. Oct. 22, 2025). Consistent with these decisions, it is recommended that the Court hold that § 1226(a), rather than the mandatory

3

detention provision of § 1225(b), applies to aliens, like Petitioner, who are not seeking admission at a port of entry but rather are already present in the country. The Court should reject the interpretation adopted by the Eighth Circuit Court of Appeals in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026) (holding that "§ 1225(b)(2)(A) mandates the detention of unadmitted aliens already present inside the United States") and the Fifth Circuit Court of Appeals in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) (holding that noncitizen's status as an applicant for admission does not turn on where or how the noncitizen entered the United States). Because Petitioner's detention is governed by § 1226(a), he has a statutory right to a bond hearing.

C. CONCLUSION

For the foregoing reasons, it is recommended that the Petition for Writ of Habeas Corpus (ECF No. 1) be granted to the extent that it requests that Petitioner receive an individualized bond hearing and denied to the extent that it seeks other relief. It is further recommended that, upon adoption of the undersigned's recommendation, the Court order that within ten (10) days thereafter, Petitioner must receive an individualized bond hearing before a neutral immigration judge pursuant to 8 U.S.C. § 1226 and that within seven (7) days thereafter, the parties shall provide notice to the Court of the outcome of the bond hearing.

III.    NOTICE OF RIGHT TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, any party may file written objections to this Report and Recommendation within fourteen (14) days of service. Any opposing party has fourteen (14) days from service of the objections to respond.  *See* Fed. R. Civ. P. 72(b)(2).  Failure to file timely objections may constitute a waiver of appellate rights.  *See Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011); *Nara v. Frank*, 488 F.3d 187 (3d Cir. 2007).

DATED this 10th day of June, 2026.


RESPECTFULLY SUBMITTED:

RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE